NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VERNON DECK,

　　　　　　　Plaintiff-Appellant,

　　v.

WELLS FARGO BANK, N.A., National Association, as Trustee for Option One Mortgage Loan Trust 2003-1, Asset-Backed Certificates, Series 2003-1; et al.,

　　　　　　　Defendants-Appellees.

No.　17-16680

D.C. No. 2:17-cv-00234-MCE-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 22, 2018[**]

Before:　　SILVERMAN, GRABER, and GOULD, Circuit Judges.

Vernon Deck appeals pro se from the district court's judgment dismissing

his action alleging violations of the Fair Debt Collection Practices Act, the

California Homeowner Bill of Rights Act ("HBOR"), and other state law claims

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of statutory standing. *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1039 (9th Cir. 2015). We review for clear error the district court's underlying factual determinations. *Am.-Arab Anti-Discrimination Comm. v. Thornburgh*, 970 F.2d 501, 506 (9th Cir. 1991). We reverse and remand.

The district court did not commit clear error in finding, following an evidentiary hearing, that Deck did not sign the note relating to a refinance loan. *See id.* at 506. The district court erred, however, in finding that Deck lacked standing to sue for violations of HBOR because he was not a signatory to the note. HBOR defined a "borrower" as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." Cal. Civ. Code § 2920.5 (repealed Jan. 1, 2018). Because it is undisputed that Deck is a trustor under the deed of trust securing the refinance loan, we reverse and remand for further proceedings on Deck's claims under HBOR only.

We do not consider defendants' alternative arguments concerning the merits of Deck's claims under the HBOR, or the effect, if any, of the 2018 repeal of the specific statutory violations alleged.

17-16680

We do not consider matters not raised before the district court, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Deck's request for judicial notice (Docket Entry No. 26) is granted.

**REVERSED and REMANDED.**